UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

A. T. JONES, JR.,  )
　　　　　　　　　　　)
　　　Plaintiff,  )　Civil No. 5: 14-342-JMH
　　　　　　　　　　　)
V.  )
　　　　　　　　　　　)
CARROLL HUBBARD,  )　**MEMORANDUM OPINION**
　　　　　　　　　　　)　**AND ORDER**
　　　Defendant.  )

*** *** *** ***

A. T. Jones, Jr., is a prisoner incarcerated at the Northpoint Training Center in Burgin, Kentucky. Proceeding without an attorney, Jones has filed a civil rights action pursuant to 42 U.S.C. § 1983. [R. 1] The Court has granted his motion to proceed *in forma pauperis* by separate Order.

On January 12, 1998, Jones was convicted in the Circuit Court of McCracken County, Kentucky, of multiple counts of robbery and burglary, as well being a persistent felony offender in the first degree. The full term expiration date of Jones's sentences is January 14, 2223.[1]

In his complaint, Jones alleges that in 2010 he paid $5,000.00 to Carroll Hubbard, an attorney residing in Paducah, Kentucky, to use his "political clout" to obtain leniency with the Kentucky Department of Probation and Parole. Jones contends, however, that Hubbard made no effort to contact the

---
[1] *See* http://apps.corrections.ky.gov/KOOL/Details/234066.

parole board or to obtain a reduction in the amount of time he must serve. Jones therefore claims that that "Hubbard failed to uphold his end of the agreement, which causes our agreement to become void, and to have no other legal authority." [R. 1, pp. 2-3] In 2012, Jones requested a full refund of the $5,000.00 he paid, but Hubbard returned only $1,000.00 without explanation as to the expenditure of the remainder.

Jones indicates that he has suffered stress and depression as a result of Hubbard's actions. *Id*. at 4. Jones contends that Hubbard's actions violate the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, and various sections of the Kentucky Constitution and Kentucky statutes. He seeks a refund of the remaining $4,000.00 with interest, as well as $100,000.00 in compensatory damages for pain and suffering. [R. 1, pp. 5-6, 10]

The Court must conduct a preliminary review of Jones's complaint because he has been granted permission to pay the filing fee in installments and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Jones's complaint under a

more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Jones's claims that Hubbard violated his constitutional rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments fail as a matter of law, and must be dismissed with prejudice. To successfully assert a claim under 42 U.S.C. § 1983, a plaintiff must establish that the defendant acted "under color of state law," and that the defendant's conduct deprived the plaintiff of rights secured under federal law. *Cf. Fritz v. Charter Tp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

The amendments found in the Bill of Rights proscribe certain conduct by officials acting on behalf of the government. But wholly private conduct by ordinary citizens, no matter how discriminatory or wrongful, does not violate the Constitution, and is not actionable under Section 1983. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). Therefore courts have consistently held that attorneys retained by the plaintiff who performed only the normal functions of private counsel are not "state actors" who may be sued under § 1983. *Polk Co. v. Dodson*, 454 U.S. 312 (1981); *Cudejko v. Goldstein*,

22 F. App'x 484, 485 (6th Cir. 2001). Jones's constitutional claims therefore fail as a matter of law, and must be dismissed.

The Court will also dismiss Jones's claims arising under state law, but it will do so without prejudice to his right to reassert them in a state court action if he chooses to do so. Jones essentially complains that Hubbard committed legal malpractice, although his legal claims assert that Hubbard breached their contract, violated the Kentucky constitution and various Kentucky statutes, and perhaps that Hubbard committed the tort of outrage. But the Court lacks subject matter jurisdiction over these claims because they present no federal question under 28 U.S.C. § 1331, nor are the parties (both residents of Kentucky) diverse in their citizenship as required by 28 U.S.C. § 1332. Cf. *McCoy v. Stokes*, No. 2:12-CV-655, 2012 WL 3929832, at *3 (S.D. Ohio Sept. 10, 2012).

Further, because the federal claims asserted in the complaint have been dismissed so early in the proceedings, the Court declines to exercise supplemental jurisdiction over them. 28 U.S.C. § 1367(c)(3) provides that a district court may "decline to exercise supplemental jurisdiction over a claim [if] the district court has dismissed all claims over which it has original jurisdiction ..."). Where, as here, the Court has dismissed all of the plaintiff's federal claims, the Court concludes that the balance of judicial economy, convenience,

4

fairness, and comity all point toward declining supplemental jurisdiction. *Carnegie-Mellon University v. Cohill*, 484 U.S. 343 (1988); *Musson Theatrical, Inc. v. Federal Exp. Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996) (noting that "[a]fter a 12(b)(6) dismissal, there is a strong presumption in favor of dismissing supplemental claims."). The Court will therefore dismiss the plaintiff's state law claims without prejudice.

Accordingly, **IT IS ORDERED** that:

1. Jones's claims filed pursuant to 42 U.S.C. § 1983 are **DISMISSED WITH PREJUDICE.**

2. Jones's state law claims, including but not limited to breach of contract and emotional distress, are **DISMISSED WITHOUT PREJUDICE.**

3. The Court will enter an appropriate judgment.

4. This matter is **STRICKEN** from the active docket.

This the 20th day of August, 2014.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge